UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **CALVIN LEWIS**<br>　　**LA. DOC #117327**<br>**VS.** | **CIVIL ACTION NO. 3:11-cv-0396**<br>**SECTION P**<br>**JUDGE ROBERT G. JAMES** |
| **SHERIFF LARRY COX, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Calvin Lewis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 14, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Richwood Correctional Center, Monroe, Louisiana; however, he complains about circumstances that arose when he was incarcerated at the Madison Parish Corrections Center (MPCC) during the period between October 2010 – February 2011. Plaintiff sued Madison Parish Sheriff Larry Cox and MPCC corrections personnel– Major Antonio Johnson, Captain Washington, Captain Hues, Lt. Brooks and Sergeant Dice. Plaintiff seeks compensatory damages in the amount of $1,000,000 "for the pain and suffering, the cruel punishment and abuse, as well as the endangerment of [his] life." This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

On October 6, 2010 plaintiff, who was an LDOC inmate incarcerated at the MPCC, reported to Sgt. Dice that heroin, crack cocaine, and "purple weed" were being smoked throughout the day

and night in his dormitory. According to plaintiff, he was being awakened at night by drug use in the beds adjacent to his bed. According to plaintiff, the illegal substances "were being transported in by Sheriffs: Larry Cox and other ranking officers..."

Plaintiff was transferred to the cell blocks while Sgt. Dice conducted a "shake down" or search of the dorm. During the shake down, Dice confiscated knives, cell phones and drugs. Instead of transferring plaintiff to work-release (where he claims he would have been safe), Sgt. Dice and the "ranking officers" relied upon plaintiff to provide additional evidence and he was therefore confined in the cell blocks for a period of one month, or until some time in November 2010, when he was released by Sheriff Cox and placed in general population in Bldg. #3. According to plaintiff, he "lived in fear for [his] life" but continued assisting the officers who failed to transfer him to a work-release program. However, on February 10, 2011, he was transferred to the current place of confinement.

As noted above, plaintiff prayed for compensatory damages for pain and suffering, cruel punishment and abuse, and the "endangerment" of his life.

### *Law and Analysis*

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d

114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has submitted an articulate *pro se* complaint which details the factual and legal basis for his claims for relief against the defendants. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that his complaint should be dismissed as frivolous.

*2. Title 42 U.S.C. §1997e*

Plaintiff seeks only compensatory damages for "pain and suffering, the cruel punishment and abuse as well as the endangerment of my life." In support of this prayer for damages he alleged that prior to October 6, 2010, he was exposed to rampant drug use at the facility. Thereafter, from the date he was released from lock-down into the general population in November 2010, until his transfer to his present place of confinement in February 2011, he "lived in fear for [his] life."

However, plaintiff did not allege that he sustained any physical injury as a result of his exposure to drug use or the 3-4 month period he "lived in fear." Title 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act (PLRA) of 1996. Under subsection (e) of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997)

Plaintiff has alleged no physical injury and the undersigned can imagine no such injury resulting from the facts alleged. Since plaintiff has alleged no physical injury resulting his exposure to drug use and the months he lived in "fear," his claim for monetary damages as compensation for mental anguish and stress is legally without merit and subject to dismissal as frivolous.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, June 9, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE