RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/25/11

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| CALVIN LEWIS<br>LA. DOC #117327 | CIVIL ACTION NO. 3:11-cv-0396 |
| | SECTION P |
| VERSUS | |
| | JUDGE ROBERT G. JAMES |
| SHERIFF LARRY COX, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

## RULING

*Pro se* plaintiff Calvin Lewis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 14, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), currently incarcerated at the Richwood Correctional Center, Monroe, Louisiana. However, he complains about events during his incarceration at the Madison Parish Corrections Center ("MPCC") during the period between October 2010 and February 2011. Plaintiff sued Madison Parish Sheriff Larry Cox and MPCC corrections personnel–Major Antonio Johnson, Captain Washington, Captain Hues, Lt. Brooks and Sergeant Dice–seeking compensatory damages in the amount of $1,000,000.00.

On June 9, 2011, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 5] in which she recommended that the Court dismiss Plaintiff's claims as frivolous. In her Report and Recommendation, the Magistrate Judge noted that Plaintiff seeks compensatory damages for "pain and suffering, the cruel punishment and abuse as well as the endangerment of [his] life," but he did not allege that he sustained any physical injury as a result of his exposure to drug use or the 3-4 month period he "lived in fear." Thus, she found that, under 42 U.S.C. § 1997e, as amended by the Prison Litigation and Reform Act ("PLRA") of 1996, Plaintiff could not recover

monetary damages for his alleged mental or emotional injuries because he has not alleged any physical injury. [Doc. No. 5, p. 4] (citing *Crawford-el v. Britton*, 523 U.S. 574, 596 (1998)). She noted that "[t]he 'physical injury' required by § 1997e(e) must be more than *de minimis* but need not be significant." *Id.* (citing *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997))).

However, on June 27, 2011, the Clerk of Court received and filed Plaintiff's objections [Doc. No. 6] to the Report and Recommendation. In his objections, Plaintiff contends that Defendants' actions caused him to suffer "a great deal of medical problems such as nausea, lack of sleep, spitting and vomiting [sic] blood in the stools." [Doc. No. 6, p. 1].

Having fully reviewed the record in this matter, including the Report and Recommendation and Plaintiff's objections, the Court hereby ADOPTS the Report and Recommendation of the Magistrate Judge.

In as much as Plaintiff now attempts to remedy the deficiencies of his Complaint and to recover $1,000,000.00 in damages by alleging physical symptoms, the Court finds that his Complaint still fails as a matter of law. Nausea and lack of sleep are mere symptoms of the alleged emotional distress he suffered and do not, in and of themselves, constitute the type of physical injury required under the PLRA. Additionally, while "spitting and vomiting" and blood in the stool are physical symptoms, a plaintiff must recite that he suffered more than a *de minimis* physical injury to recover compensatory damages. Short-term, stress-induced spitting, vomiting, and blood in the stool are the type of *de minimis* injuries for which the PLRA does not permit a plaintiff to recover. *See Alexander v. Tippah Cty.*, 351 F.3d 626, 631 (5th Cir. 2003) (While the Fifth Circuit recognized that "vomiting is an unpleasant experience," Section 1997e(e) precluded the plaintiffs from recovering for their

emotional and mental injuries, when the only physical injuries they had suffered were nausea and one incident of vomiting.). Plaintiff has not alleged that the nausea, lack of sleep, spitting, vomiting, and the presence of blood in his stool[1] were "symptom[s] of some more serious malady, or had any lasting effects." *Id.*

Accordingly, Plaintiff's civil rights Complaint is DISMISSED WITH PREJUDICE as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

MONROE, LOUISIANA, 25 day of July, 2011.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] While the presence of blood in a person's stool may be the symptom of a serious condition, it may also be the result of a condition as insignificant as constipation. In this case, Plaintiff has not alleged that he suffered from the symptom for any length of time or that he was later diagnosed with a serious condition that could somehow be linked to his allegations in this case.